## FERDINAND (A FREEDMAN) *vs.* THE STATE.

[INDICTMENT FOR OBTAINING GOODS UNDER FALSE PRETENSES.]

1. *Abolition of slavery by act of war.*—It is a historical fact, which the courts will judicially notice, that slavery was abolished in Alabama, by the act of war, prior to the passage of the ordinance of the State convention on the 22d September, 1865.
2. *General criminal statutes applicable to freedmen.*—For offenses committed by freedmen since the abolition of slavery in this State, they may

Ferdinand (a freedman) v. The State.

may be indicted, convicted, and punished, under the general criminal statutes applicable to other persons, although they were not amenable to those statutes whilst slaves.

FROM the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THE indictment in this case, which was found on the 18th October, 1865, described the prisoner as a free negro, and charged him with obtaining goods under false pretenses from one Louis Schwartz. The defendant went to trial on the plea of not guilty, without objection to the indictment. On the trial, as the bill of exceptions states, the evidence showed that the offense was committed by the prisoner on the 16th September, 1865 ; and it also appeared that, for twenty years or more, prior to the 12th April, 1865, when the military and naval forces of the United States took Mobile, the defendant had been a slave, the property of Rives, Battle & Co. ; that he left their service on that day, without their consent, and never returned to them ; and that they never in any wise admitted his right to freedom, until the adoption of the ordinance of the State convention on the 22d September, 1865, by which slavery was declared to have been abolished. On this evidence, the defendant requested the court to instruct the jury, that he was a slave at the time of the commission of the offense, and not liable to be punished as a free negro. The court refused this charge, and the defendant excepted to its refusal. The same point was again urged on motion in arrest of judgment, and was again overruled.

E. S. DARGAN, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, *contra*.

JUDGE, J.—It is contended for the prisoner, that he was a slave when the offense was committed, and that therefore he could not have been indicted under section 3142 of the Code, which was never applicable to slaves.—Code, § 3305. It is not denied that slavery has had no existence in this State, since the 22d day of September, 1865, on which day the State convention, then assembled at the city

of Montgomery, acted on the subject ; but it is argued that it did exist in law, if not in fact, until that action was had. This position amounts to a denial of the legality of the destruction of slavery by the act of war, a question it would be utterly vain and useless to discuss. It is a historical fact, that the consummation was effected by the act of war, anterior to the action of the State convention ; and whether justly or unjustly, legally or illegally, are not now practical questions.

This was the view, in effect, taken by the State convention, in its action above referred to. That body was not guilty of the absurdity of abolishing slavery, which did not then exist; but it gave a high and solemn sanction to the truth of the fact, before well known, that the institution of slavery had "been destroyed in the State of Alabama," by expressly so declaring, and prohibiting the existence of slavery in the State, in the future, except as a punishment for crime.—Ordinance No. 6, p. 45.

The prisoner having once been a slave, when did he become a freedman ? The offense was committed on the 16th day of September, 1865, long after the surrender of all the Confederate forces, and the occupancy and control of the State by the army and navy of the United States, and subsequent to the issue of the proclamation of the provisional governor, on the 20th July, 1865.—*Jeffries & Jeffries v. The State*, decided at the present term. Therefore, at the time of its commission, he was not a slave, but a freedman ; and being at the time a freedman, he was rightfully indicted under section 3142 of the Code, which was applicable to him as such.—*Eliza v. The State*, decided at the present term.

There is no error in the record, and the judgment and entence af the court below must be affirmed.